such act by the principal by appointments as referee, etc., comes so perilously near charging an act within the refined and legal definition of bribery that the casual, ordinary reader would most naturally infer that the crime had been attempted, if not consummated; at any rate, the language used was obviously calculated to degrade the character of the plaintiff, impeach his integrity as a judge, and injure him in the public estimation.

Demurrer overruled. Defendant may answer on paying costs to be taxed.

---

### PEDERSEN MFG. CO. v. WALTER AUTOMOBILE CO.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. ATTACHMENT—MOTION TO VACATE—AFFIDAVITS.

Where a motion to vacate an attachment was made on affidavits, the court was entitled to consider the additional affidavits offered on the return of the order to show cause in support of the attachment.

2. SAME—FOREIGN CORPORATIONS—EVIDENCE.

On an application to vacate an attachment against a foreign corporation, affidavits *held* sufficient to show that defendant was a foreign corporation, and that the attachments were properly issued on that ground.

Appeal from Special Term.

Action by the Pedersen Manufacturing Company against the Walter Automobile Company. From an order vacating a warrant of attachment, plaintiff appeals. Reversed, and attachment reinstated. Motion denied.

Agued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Hunt, Hill & Betts (Geo. Whitfield Betts, Jr., of counsel), for appellant.

Jacob Newman, for respondent.

CLARKE, J. This is an action brought to recover for goods sold and delivered to the defendant, alleged in the complaint to be a corporation organized and existing under the laws of the state of New Jersey. The motion was made upon affidavits to set aside the attachment which had been granted. The court therefore had the right to consider the additional affidavits offered and received upon the return of the order to show cause in support of the attachment, wherein the fact is positively sworn to that the defendant is a foreign corporation organized and existing under the laws of the state of New Jersey; a telegram from the Secretary of State of New Jersey to that effect being incorporated therein. This, in view of the argumentative affidavit of defendant's counsel, and the fact that, although the president of the defendant makes an affidavit, he does not deny that the defendant is a foreign corporation, satisfies us that upon these papers the attachment ought not to have been vacated.

The order appealed from should therefore be reversed and the attachment reinstated, with $10 costs and disbursements to the appellant, and the motion to vacate the attachment denied, with $10 costs. All concur.